# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-00214–01-CR-W-GAF |
| ) | |
| SHANNA M. HUTCHENS, ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM

COMES now Mrs. Hutchens through her counsel and files the following Sentencing Memorandum in advance of her November 9, 2010 sentencing before this Honorable Court.

## OBJECTIONS AFFECTING GUIDELINE CALCULATIONS

Abuse of Trust Enhancement Pursuant to 3B1.3

The final Presentence Report filed with the Court on August 5, 2010 includes an Addendum that set forth Mrs. Hutchens' objection to the two point enhancement for abuse of private trust pursuant to 3B1.3 of the United States Sentencing Guidelines. Mrs. Hutchens' objection in the Addendum remains the same and she wishes only to expand on her argument briefly in this Sentencing Memorandum and to respond the government's Sentencing Memorandum on the issue of abuse of trust..

Some courts examine whether the victim and defendant have formed a "trust" relationship by determining if the conduct of the defendant could have been simply or readily noticed by the victim. *See*, **United States v. Hill**, 915 F.2d 502, 505 (9th Cir. 1990); **United States v. Helton**, 953 F.3d 867, 869 (4th Cir. 1992). *Helton* is analogous to Mrs. Hutchens' case. In *Helton*, the defendant held a position within the government that gave her the ability to write reimbursement checks to government employees and in that capacity executed over 200 checks to herself when she was not

entitled to the money. *Id.* Helton's conduct was over an extended period of time and could have easily been detected by her supervisors. *Id. at 870.* The *Helton* court concluded that lax supervision alone is not enough under 3B1.3 to create a "position of trust." *Id.*

Mrs. Hutchens' conduct could have easily been discovered by her employer. All the banking documents including bank statements and canceled checks were maintained by the company. Mrs. Hutchens worked inside the office with other employees including the owner, Ron Richardson. All of the employees inside the office had access to the company's computer accounting system.

Application Note 1 of 3B1.3 lists examples of when to apply the two point enhancement such as an attorney who embezzles funds of his client when acting as a guardian, a bank executive's fraudulent loan scheme or criminal sexual abuse by a doctor of a patient under the guise of an examination. All these examples involve situations where the defendant has almost exclusive control over the situation giving rise to the criminal conduct. Also, the victims in these examples must rely on representations made by the defendant because there is little the victim can do to easily determine if criminal conduct is occurring. Mrs. Hutchens did not have exclusive control inasmuch as she was the part time bookkeeper of a small business where the owners regularly participated in the day to day operations including signing checks and making decisions regarding company expenditures. The lack of supervision of Mrs. Hutchens by the owners supports a conclusion that a two point enhancement pursuant to 3B1.3 is not warrant and defendant requests same.

The D.C. Circuit Court of Appeals has an excellent discussion of the use of abuse of trust enhancement in a case styled **United States v. Tann**, 532 F.3d. 868 (2008). Tann was convicted of fraud for embezzling thousands of dollars from three different employers. The Court of Appeals concluded though Tann might have occupied a position of trust in a colloquial sense, the facts did

2

not support the enhancement because of all of her tasks were clerical in nature. *Id.* at 875. The *Tann* Court concluded that to apply the abuse of trust enhancement to Tann would require that the enhancement apply in virtually all fraud and theft cases and the application notes to 3B1.3 are rather specialized thus the enhancement should not be apply as a matter of course in all fraud or theft cases. *Id.* at 874.

Mrs. Hutchens' case seems to fit squarely within the holding of *Tann* and Mrs. Hutchens would request this Court give strong consideration to adopting the holding of *Tann* and rejecting the two point enhancement for abuse of trust in Mrs. Hutchens' case.

The government also suggests that Application Note 2(B) in 3B1.3 allows for the abuse of trust enhancement because Mrs. Hutchens exceeding her authority by forging the signature of the owners of Richardson Hauling. To apply the abuse of trust enhancement using the reasoning of Application Note 2(B) would again cast too broad of a net for this enhancement thus creating a situation where virtually all embezzlement cases would require its application. In fact Application Note 2(B) gives very specific examples of its application including a state motor vehicle employee who creates fake identification, a hospital orderly who misuses patient information found in the patient chart and a volunteer of a charity who uses information from a donor file. The acts of Mrs. Hutchens do not seem to fit within the examples given in 3B1.3 Application Note 2(B) and thus the abuse of trust enhancement should not be assessed.

<u>Loss Amount Pursuant to 2B1.1(b)(1)(H)</u>

Mrs. Hutchens hereby withdraws her objections to the loss amount and agrees that the loss amount of $818,987.96 is supported by preponderance of the evidence. Mrs. Hutchens withdraws here previous request of an evidentiary hearing on this issue and thus the government need not call

witnesses at the sentencing hearing for purposes of providing testimony that the loss amount is accurate.

## LETTERS OF SUPPORT

Attached to this Sentencing Memorandum are letters supporting Mrs. Hutchens from:

1. Letter from her father, Gary Thomas;

2. Letter from her daughter, Jessica Hutchens;

3. Letter from her son, Joey Hutchens;

4. Letter from her sister, Angela Thomas;

5. Letter from her sister, Jamie Moore; and

6. Letter from her niece, Paige Thomas.

## REQUESTED SENTENCE

As the government stated in their Sentencing Memorandum, the parties are allowed to seek a variance from the guidelines pursuant to the Plea Agreement. Mrs. Hutchens will not be seeking a downward variance. She is requesting this Court sentence her within the recommended guidelines range.

Mrs. Hutchens would also deeply appreciate the opportunity to self-surrender. The government will certainly object to this request.

**THE SANDAGE LAW FIRM, P.C.**

/s/ Lance D. Sandage
LANCE D. SANDAGE   #46022
4700 Belleview Avenue
Suite 404
Kansas City, MO 64112
Tele:   (816) 753-0800
Fax:    (816) 531-3939
lance@sandagelaw.com

ATTORNEY FOR SHANNA M. HUTCHENS

### Certificate of Service

In accordance with Rule 49(a),(b), and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ.P., it is hereby CERTIFIED that one copy of the foregoing was electronically sent to AUSA Kate Mahoney, this 8th day of November, 2010.

/s/ Lance D. Sandage